IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

ANTHONY "TONY" FONTANA, )
)
    Plaintiff, )
) Civil Action No.
v. )
) JURY DEMAND
APPLE INC. AND VERIZON WIRELESS )
SERVICES, LLC, )
)
    Defendants. )

## APPLE INC.'S NOTICE OF REMOVAL

Defendant APPLE INC. removes this case to federal court under 28 U.S.C. § 1331 and 28 U.S.C. § 1446(b) based on the following:

**I.    INTRODUCTION**

On January 10, 2018, Apple was served with a summons and Complaint, (*Exhibit A*) in a case styled *Anthony "Tony" Fontana v. Apple Inc. and Verizon Wireless Services, LLC*, Civil Action No. CC1-2017-CV-6345, in the Circuit Court for Cumberland County, Tennessee. Apple was also served with a copy of Plaintiff's First Interrogatories and Requests for Production to the Defendant Apple Inc. and Plaintiff's First Interrogatories to the Defendant Verizon Wireless Services, LLC, (collectively, *Exhibit B*). Apple understands that Verizon Wireless Services, LLC, was served with process on January 10, 2018.

**II.    BACKGROUND**

Plaintiff alleges that he sustained "personal injuries . . . arising from the use of an iPhone 6 manufactured and marketed by" Apple. Compl., ¶ 4. He alleges "personal injuries caused, brought about, and/or otherwise aggravated or contributed to significantly by his exposure to radiation and/or radiofrequency electromagnetic fields," *id.* at ¶ 8, presumably from

his iPhone 6.  Plaintiff alleges he "has suffered cancer and an increased risk of cancer as a result of the product and/or services manufactured and marketed by the Defendants."  *Id.* at ¶ 11.  Plaintiff alleges that Verizon provided cellular service for the iPhone 6.  *Id.* at ¶ 4.  Plaintiff seeks recovery from both defendants based on theories of strict product liability and breach of warranty.  *Id.* at ¶ 5.  Pursuant to Tenn. Code Ann.§ 29-28-107, Plaintiff seeks damages of $750,000.[1]  *Id.* at Prayer for Relief, ¶ 2.

### III. BASIS FOR REMOVAL

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity exists between Plaintiff and both defendants, and the amount in controversy exceeds $75,000.  Complete diversity exists because Plaintiff alleges that he is a citizen of Tennessee (Compl. at ¶ 1), and neither defendant was a citizen of Tennessee when this case was filed, and neither defendant is currently a citizen of Tennessee.  As alleged, Apple is a California corporation with its principal place of business in California.  *Id.* at ¶ 3.  Consequently, Apple is a citizen of the State of California for purposes of diversity of citizenship.  28 U.S.C. § 1332(c)(1) (2018).

As alleged, Verizon Wireless Services, LLC, is a "foreign limited liability company" (Compl., ¶ 2), not a citizen of Tennessee.  "[A] limited liability company has the citizenship of each of its members."  *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  "And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."  *Id.* (citing *Holden Engineering, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006)).

---

[1] The Tennessee Products Liability Act requires that "[a]ny complaint filed in a products liability action shall state an amount of such suit sought to be recovered from any defendant."  Tenn. Code Ann.§ 29-28-107.

The sole member of Verizon Wireless Services, LLC, is Cellco Partnership d/b/a Verizon Wireless. Cellco Partnership has four members:

1. Bell Atlantic Mobile Systems LLC, whose sole member is MCI Communications Services, Inc., a Delaware Corporation with its principal place of business in New Jersey.
2. GTE Wireless Services LLC, whose sole member is GTE LLC. GTE LLC has three members: (1) Verizon Ventures LLC, whose sole member is Verizon Communications Inc., a Delaware Corporation with its principal place of business in New York; (2) NYNEX LLC, whose sole member is also Verizon Communications Inc.; and (3) Verizon Communications Inc.
3. Verizon Americas Inc., a Delaware corporation with its principal place of business in New Jersey.
4. GTE Wireless of the Midwest Incorporated, an Indiana corporation with its principal place of business in New Jersey.

Thus, Defendant Verizon Wireless Services, LLC, is, for purposes of diversity of citizenship, a citizen of Delaware, New Jersey, New York, and Indiana.

The amount in controversy exceeds $75,000 because Plaintiff seeks $750,000 in damages. Compl., ¶ 17 and Prayer for Relief ¶ 2. The jurisdictional requirements of § 1332(a)(1) are satisfied.

**IV.    APPLE HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL**

This Notice of Removal is filed within 30 days of service of the Summons and Complaint on Apple. Pursuant to 28 U.S.C. §1446(a), Apple has attached as *Exhibits A* and *B* the pleadings and papers served in this case. Apple understands that the court file in the Circuit Court for Cumberland County, Tennessee, contains the Complaint, the summonses to each defendant, the Interrogatories and Requests for Production served upon Apple Inc., the Interrogatories served upon Verizon Wireless Services, LLC, returns of service on each defendant, and nothing else. A true copy of this Notice of Removal is concurrently filed with the Circuit Court for Cumberland County, Tennessee as required by 28 U.S.C. §1446(d). Apple's counsel has conferred with counsel for Verizon and understands that Verizon consents to removal.

WHEREFORE, Defendant Apple Inc. gives notice that the action now pending against it in the Circuit Court for Cumberland County, Tennessee, has been removed to this Court.

Dated the 8th day of February, 2018.

                                          Respectfully submitted,

                                          LEWIS, THOMASON
                                          KING, KRIEG & WALDROP, P.C.

                                          By:/s/ Robert F. Chapski
                                          Robert F. Chapski, B.P.R. No. 22043
                                          Ryan N. Clark, B.P.R. No. 29105
                                          424 Church Street, Suite 2500
                                          Post Office Box 198615
                                          Nashville, Tennessee 37219
                                          (615) 259-1366 (telephone)
                                          (615) 259-1389 (facsimile)
                                          rchapski@lewisthomason.com
                                          rclark@lewisthomason.com

                                          *Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of February, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

All parties will also be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| David H. Dunaway, Esq.<br>Ameesh A. Kherani, Esq.<br>100 South Fifth Street<br>Post Office Box 280<br>LaFollette, Tennessee 37766<br>dhdunaway@aol.com<br>akherani@davidunaway.com | Verizon Wireless Services, LLC<br>c/o C T Corporation System<br>300 Montvue Road<br>Knoxville, Tennessee 37919 |

*Attorneys for Plaintiffs*

Dated the 8th day of February, 2018.

/s/ Robert F. Chapski
Robert F. Chapski