IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE
AT CROSSVILLE

ANTHONY "TONY" FONTANA, )
)
Plaintiff, )
)
v. ) CIVIL ACTION
) NO. CCI-2017-CV-6345
APPLE INC. AND VERIZON WIRELESS ) DATE FILED 12-20 2017
SERVICES, LLC, )
)
Defendants. )

**COMPLAINT**

Comes the Plaintiff, Anthony "Tony" Fontana, by and through his attorney, and for a cause of action would show unto the Court the following:

1. The Plaintiff is and at all times mentioned herein was a citizen and resident of Cumberland County, Tennessee.

2. The Defendant, Verizon Wireless Services, LLC, hereinafter referred to as "Verizon," is and at all times mentioned herein was a foreign limited liability company with offices at One Verizon Way, Basking Ridge, New Jersey 07920-1025, but process may be served on its registered agent, CT Corporation System at Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929-9710.

3. The Defendant, Apple Inc., at all times mentioned herein was a California corporation with offices at One Infinite Loop Stop, 38-3TX, Cupertino, California 95014-2083, but process may be served on its registered agent, CT Corporation System at Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929-9710.

4. That this is an action for personal injuries sustained by the Plaintiff arising from the use of an iPhone 6 manufactured and marketed by the Defendant, Apple Inc., and for which services were

1


EXHIBIT A

otherwise provided by the Defendant, Verizon Wireless Services, LLC, through its agents, servants, and employees.

5. This suit is based upon the doctrine of strict liability in tort and breach of warranty under Tennessee law.

6. The Plaintiff would further show unto the Court that the Defendant, Apple Inc., exclusively controlled the research, design, marketing, and manufacturing of the iPhone 6, which is the subject of this litigation. The Defendant, Verizon, as hereinafter alleged, also controlled the supplying of wireless services and the marketing of those wireless services as hereinafter described.

7. The Defendant, Verizon, at all times mentioned herein, controlled the research and supplying, as well as marketing of the wireless phone services which are also the subject of this litigation.

8. That on or about December 19, 2017, the Plaintiff discovered that he was suffering from personal injuries caused, brought about, and/or otherwise aggravated or contributed to significantly by his exposure to radiation and/or radiofrequency electromagnetic fields.

9. That on or about July of 2016, the Plaintiff purchased an Apple iPhone 6 at a store operated by the Defendant, Verizon Wireless Services, LLC, in Crossville, Tennessee.

10. The Plaintiff would show unto the Court that the iPhone 6 manufactured and marketed by the Defendant, Apple Inc., through the Defendant, Verizon, represented an unreasonable risk of injury to the Plaintiff, Tony Fontana, because at the time of the injury to the Plaintiff, the Defendants, in the exercise of reasonable care, knew or should have known that the iPhone 6, as otherwise manufactured and sold, and the wireless radiofrequency services, as marketed and provided to the Plaintiff, were defective and otherwise presented an unreasonable risk of harm to

2

the plaintiff.

11. The Plaintiff has suffered cancer and an increased risk of cancer as a result of the product and/or services manufactured and marketed by the Defendants.

12. That the above-described product and radiofrequency services are of unmerchantable quality and the iPhone, which was otherwise manufactured, marketed, and sold by the Defendants, was defectively designed and/or manufactured and thereby rendered unreasonably dangerous, causing personal injuries to the Plaintiff.

13. The injuries sustained by the Plaintiff, as set forth herein, were the proximate result of defects and/or malfunctions in the design and/or manufacturing and marketing of the iPhone and the wireless phone services provided by the Defendants.

14. That at all times mentioned herein, the Defendants, through their agents, servants, and/or employees, also expressly and/or impliedly warranted the iPhone 6 to be merchantably fit for the purpose for which it was being used at the time of injury to the Plaintiff and there has been a breach of said warranty by the Defendants. The Plaintiff also relies in this case upon the warranty provisions of the Uniform Commercial Code as adopted in Sections 47-2-313, 47-2-314, and 47-2-315 of the Tennessee Code Annotated.

15. That the Plaintiff was unaware of the defects in the manufacture, design, or distribution of the iPhone 6 and the marketing and supplying of radiofrequency services for the iPhone 6, nor could the Plaintiff or the ordinary consumer appreciate the dangers or the hazards in the use of the above-described product and services without adequate warnings or protective safeguards placed upon the product and services at issue. The Plaintiff in this case also relies upon the doctrine of strict liability in tort as announced in The Restatement of Torts, 2nd, Section 402A as adopted in the State of Tennessee.

3

16. At all times mentioned herein, the Plaintiff contends that the Defendants knew, expected and/or anticipated that persons in the position of the Plaintiff, as a user of cell phone services, would be exposed to risks inherent in the product, design, manufacture, distribution, and/or marketing by the Defendants and, at all times mentioned herein, the Defendants knew and/or in the exercise of reasonable care should have known and reasonably expected that serious injury and/or an increased risk of cancer would occur to the Plaintiff by reasons inherent in the use of the iPhone 6 and the wireless services provided to the Plaintiff.

17. The Plaintiff would show unto the Court that as a direct and proximate result of the malfunction, marketing, and distribution of the iPhone 6 and the wireless services provided, the Plaintiff suffered personal injuries, as well as medical expenses. The Plaintiff has sustained a loss of the riches of life, as well as pain, discomfort, and suffering. The Plaintiff would further show unto the Court that he will suffer additional medical expenses in the future. The Plaintiff suffered cancer and/or a fear of the recurrence of cancer as a result of the use of the iPhone 6 and use of the cell phone services otherwise provided to the Plaintiff.

18. That the product and/or services provided by the Defendants are capable of causing latent damages and the Plaintiff, Tony Fontana, will require medical monitoring in the future. The Plaintiff also suffers from the fear of cancer recurrence.

19. The Plaintiff reserves the right to amend this Complaint to conform to the evidence as developed hereafter. The Plaintiff also reserves the right to add additional facts and circumstances to the Complaint if deemed necessary.

Wherefore, the Plaintiff demands:

1. That process issue and be served upon the Defendants and the Defendants be required to answer this Complaint within the time required by law, but not under oath, their oaths being

4

waived.

2. That the Plaintiff be awarded such damages as the Court deems proper under the law and evidence not to exceed Seven Hundred and Fifty Thousand Dollars ($750,000.00).

3. That a jury determine the issues of this cause.

4. That the Plaintiff be granted such further and general relief to which he may be entitled to under the law and evidence.

ANTHONY "TONY" FONTANA

By: _____
David H. Dunaway BPR #0491
David H. Dunaway & Associates
Attorneys for Plaintiff
100 S. Fifth Street
Post Office Box 280
LaFollette, Tennessee 37766
LaFollette: 423/562-7085
Knoxville: 865/524-3670

By: _____
Ameesh A. Kherani BPR #030218
David H. Dunaway & Associates
Attorneys for Plaintiff
2620 Mineral Springs Avenue, Ste A
Knoxville, Tennessee 37917
865-777-0786

I, Larry Sherrill, Circuit Court Clerk for Cumb. Co., TN do hereby certify that this is a true and correct copy of record as remains in this office. Witness my hand and official seal of office at office in Crossville, TN this 27 day Dec 20 17.

Larry Sherrill, Circuit Court Clerk, Cumberland Co., TN

5

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. § 20-12-120.

ANTHONY "TONY" FONTANA

_____
Principal
21 Lindsay Knoll Circle
Fairfield Glade, TN   38558

_____
Surety
David H. Dunaway & Associates
Attorneys for Plaintiff
100 S. Fifth Street
Post Office Box 280
LaFollette, Tennessee   37766
LaFollette:   423/562-7085
Knoxville:    865/524-3670

6



## STATE OF TENNESSEE

## IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE AT CROSSVILLE

ANTHONY "TONY" FONTANA, )
                                                            )
    Plaintiff, )
                                                            )
v. ) CIVIL ACTION
                                                            ) NO. CCI-2017-CV-6345
APPLE INC. AND VERIZON WIRELESS )
SERVICES, LLC, )
                                                            )
    Defendants )

You are hereby summoned and required to serve upon David H. Dunaway, whose address is P.O. Box 280, LaFollette, Tennessee 37766, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 27 day of Dec, 2017.

Witness, Larry Sherrill, Clerk of said court, at office in Crossville, Tennessee.

_Larry Sherrill_                         _Patty Jarvis_
Clerk                                                                    Deputy Clerk

## NOTICE

TO THE DEFENDANT: APPLE INC.

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may

wish to seek the counsel of a lawyer.    T.C.A. § 26-2-114.

## SERVICE INFORMATION

To the process server:  Defendant, APPLE INC., may be served through its registered agent, CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929.

RETURNED JAN 1 0 2018

I received this summons on the ____ day of _____, 2017.

I hereby certify and return that on the ____ day of JAN 1 0 2018 ___, 2017, I:

( ✓ ) served this summons and a complaint on Defendant, APPLE INC., in the following manner: _____SAMANTHA SUTTON_____
Apple

(   )    failed to serve this summons within 30 days after its issuance because:_____

_____n. Baird 2525_____
Process Server

2