IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY "TONY" FONTANA ) | |
| ) | |
| v. ) | NO. 2:18-0019 |
| ) | Crenshaw/Holmes |
| APPLE, INC. and ) | |
| VERIZON WIRELESS SERVICES, LLC ) | |

**O R D E R**

Pending before the Court are several motions, all of which other than the dispositive motions, are addressed below, although not in order of chronology of filing.

1. Plaintiff's motion (Docket No. 29), filed on March 2, 2018, for extension of time to file a response to Defendants' motions to dismiss is GRANTED. Plaintiff filed a response by the requested extended deadline, and, although not entirely clear, it appears that Plaintiff's response is an omnibus one to both motions to dismiss (Docket Nos. 10 and 13). Accordingly, no other response shall be permitted.

2. Plaintiff is reminded of and ordered to comply with the Clerk's instruction that ECF filings must be printed directly to PDF via a PDF writer and not scanned, and must be text searchable. Failure to comply with this requirement in the future will require refiling, which may result in untimely filings.

3. On March 26, 2018, Defendants filed a so-called consent motion (Docket No. 34) for extension of time to file a reply in support of their respective motions to dismiss, which is GRANTED.[1] Defendants may file a reply by no later than **April 4, 2018**.

4. On March 28, 2018, Defendants filed another unopposed motion (Docket No. 35), this time for a stay of discovery pending the Court's decision on Defendant's motions to dismiss, which is CONDITIONALLY GRANTED as provided herein. As a preliminary matter, the Court notes that if Plaintiff is permitted to file an amended complaint, the amended complaint is thereafter the operative pleading, in connection with which any motions to dismiss would have to be refiled. This will further extend the time for resolution of any motions to dismiss, but is a technicality that cannot be avoided if Plaintiff's requested amendment is permitted. Further, an indefinite stay is undesirable because of the unpredictability of when the Court's workload will allow for resolution of any particular motion, and also because of the Court's expectation that, absent extraordinary circumstances, cases will be disposed of on the merits by no later than three (3) years from the commencement date. Discovery is therefore STAYED until **September 30, 2018**.

5. The initial case management conference currently set for April 9, 2018, is RESCHEDULED for **Wednesday**, **October 24, 2018, at 10:00 a.m.** in Courtroom 764, U.S. Courthouse, 801 Broadway. The parties shall otherwise comply with the requirements of the notice setting the initial case management conference (Docket No. 9) for the preparation and filing of a proposed initial case management order (and emailing in Word format to Ms. Cox) prior to the rescheduled initial case management conference. The parties' proposed initial case

---

[1] Technically, a consent motion requires the signatures of counsel for all parties. An unopposed motion is a more appropriate description of a motion of one or more parties that is unopposed by the other, non-signatory parties.

management order shall take into consideration that a target trial date must be within three (3) years of February 8, 2018.

6. On March 21, 2018, Plaintiff filed a motion for leave to amend his complaint (Docket No. 31), which is reserved pending response as provided herein. The proposed amendment was not filed within the time during which an amendment is permitted as a matter of course under Rule 15(a)(1). Any response in opposition to Plaintiff's motion to amend shall therefore be filed by no later than **April 4, 2018**. Although it appears from Defendants' motion to extend the time deadline for filing a reply in support of their motions to dismiss that they anticipate opposing the motion to amend, if Defendants do not oppose the motion, they should file a notice of no opposition as expeditiously as possible following review of this Order. In anticipation that Defendants intend to argue that Plaintiff's amended complaint is futile, the Court takes this opportunity to address that issue. While the Court is not pretermitting any arguments that Defendants might make, if the primary basis for Defendants' opposition to the filing of the amended complaint is futility based on a contention that the proposed amended complaint still fails to state a claim, the undersigned Magistrate Judge is disinclined to undertake a Rule 12(b)(6) analysis in the context of a motion for leave to amend. The undersigned concurs with other courts in this circuit that have commented on the inelegant nature of the futility argument in such a context:

> There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, *see* 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim .... Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

*Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint); *Research Inst. at Nationwide Children's Hosp. v. Trellis Bioscience, LLC*, No. 2:15-cv-3032, 2017 WL 1487596, at *3 (S.D. Ohio Apr. 26, 2017) (same). Indeed, "it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4. *See also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same). This approach is also the most conceptually and intellectually consistent with the view that motions to amend are non-dispositive proceedings. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate

judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).[2]

All other matters not disposed of herein are reserved.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The Court has provided all of this discussion for the parties' benefit in evaluating the most efficient way to proceed in this case.